IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTERS METAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CARLA HENDRIX, ED HENDRIX, EMERALD EQUIPMENT ESCORTS, LLC, SLIDE-N-RIDE- TRUCKING, INC., J & D TRUCKING, INC., CAREN RUTH VINSON, J.D. DELANCY, MELINDA HILLENBERG and CURTIS WELLS,<br><br>Defendants. | Case No. 15-cv-51-SMY-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Slide-N-Ride Trucking, Inc., J & D Trucking, Inc., Caren Ruth Vinson, and J.D. Delancy's (collectively "Defendants") Motion to Dismiss (Doc. 9). Plaintiff filed a response (Doc. 16) to which Defendants replied (Doc. 19). For the following reasons, the Court **GRANTS** the motion.

This matter arises out of a shipment of over-dimensional goods. Plaintiff is a metal fabrication company located in Granite City, Illinois, and sought to transport its product, pipe spools, to a customer located in Mont Belvieu, Texas. On December 29, 2012, the driver transporting Plaintiff's product drove the load into the underside of the Herrin Road Bridge on Interstate Highway 57 causing damage to the load.

Plaintiff alleges the following causes of action: Count I – Negligence against Ed Hendrix and Carla Hendrix, Count II – Negligence against Emerald Equipment Escorts, LLC, Count III -

Negligence[1] against J & D Trucking, Inc., Count IV - Negligence against Caren Ruth Vinson, Count V – Negligence against J.D. Delancey, Count VI – Negligence against Slide-N-Ride Trucking, Inc., Count VII – Negligence against Melinda Hillenberg and Curtis Wells, and Count VIII – Breach of Contract against Emerald Equipment Escorts, LLC.

Defendants argue that the negligence claims in Counts III through VI must be dismissed pursuant to Rule 12(b)(6) because they are preempted by the Carmack Amendment which preempts all state law claims based upon the contract of carriage, in which the harm arises out of the loss of or damage to goods. Plaintiff argues the Carmack Amendment does not preempt its claims because they sound in tort for incidental harms associated with the loss or damage of cargo. Plaintiff also argues that because its claims souand in tort, it is not barred from pursuing them under the Illinois Joint Tortfeasors' Contribution Act. Finally, Plaintiff asserts that the instant claims are not the same as its previous claims and therefore, it is not estopped by this Court's prior ruling. Because the Court finds that the Carmack Amendment preempts Plaintiff's negligence claims against Defendants, it need not address Plaintiff's final two arguments.

It is well established that "the Carmack Amendment bars a shipper from seeking any other remedy either state statutory or common law provides against a carrier for damages to the shipper's goods that have been transferred in interstate commerce." *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288-89 (7th Cir. 1997). However, "the Carmack Amendment does not preempt those state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce." *Gordon*, 130 F.3d at 289. In that regard, the Seventh Circuit has suggested that "a carrier might be liable to a

---

[1] It appears that Plaintiff omitted its negligence allegations in Count III. In its Response, however, Plaintiff does not contest Defendants' characterization of Count III as a negligence claim.

2

shipper under a statute prohibiting deceptive trade practices, or a bailor might be able to recover from a bailee in tort if the claim for relief does not depend on the existence of a contract." *Id*.

Here, Plaintiff's allegations against Defendants include Defendants' negligence in transporting Plaintiff's goods resulting the following damages: the replacement cost of cargo, late penalties for failing to deliver cargo on time, and a fee for the second shipment and handling. These allegations do not allege liability on a ground that is "separate and distinct" from the damage to Plaintiff's goods. Rather, the remedies sought arise directly from, and as a result of the damage to Plaintiff's goods caused by Defendants' alleged negligence. As such, Plaintiff's claims against Defendants are preempted by the Carmack Amendment.

For the foregoing reasons, the Court **GRANTS** Defendants' motion (Doc. 9) and **DISMISSES Counts III, IV, V and VI of Plaintiff's Complaint**.

**IT IS SO ORDERED.**

**DATED:** April 23, 2015

s/ Staci M. Yandle  
**STACI M. YANDLE**  
**DISTRICT JUDGE**